# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| VERSHAY TRAMMER ) | |
| 25000 Rockside Road, Apt 207 ) | |
| Bedford Heights, Ohio 44146 ) | |
| ) | Case No.: 1:11-cv-2388 |
| Plaintiff, ) | |
| ) | JURY DEMAND REQUESTED |
| v. ) | |
| ) | VERIFIED CIVIL COMPLAINT |
| ) | (Unlawful Debt Collection Practices) |
| CREDIT SMART, LLC ) | |
| 273 Walt Whitman Road, Suite 310 ) | |
| Huntington Station, New York 11746 ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

PLAINTIFF VERSHAY TRAMMER (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT CREDIT SMART (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Bedford Heights, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Huntington Station, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant placed a call to Plaintiff's mother at telephone number: 216-587-5556.

11. During the course of this conversation, Defendant represented itself to be U.S. Bank.

12. Defendant disclosed to Plaintiff's mother that the Plaintiff owed an alleged debt of approximately $4,000.

13. Defendant also represented to Plaintiff's mother that Defendant would be filing a lawsuit against the Plaintiff.

14. Plaintiff returned the Defendant's phone call at telephone number: 866-509-3202.

15. Defendant once again represented itself as being U.S. Bank.

16. During the course of this conversation, Defendant threatened to file a lawsuit against the Plaintiff.

17. Defendant also changed the story behind the reason why the Plaintiff allegedly owed the debt during the course of the conversation.

18. Upon contacting the Ohio attorney general, Plaintiff was informed that the company calling her was not in fact U.S. Bank, but the Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692(c)(b)(2)* of the FDCPA by communicating with third parties regarding the debt without the prior consent of the consumer.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    d. Defendant violated *§1692e* of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

    e. Defendant violated *§1692e(2)(a)* of the FDCPA by falsely representing

the character, amount, or legal status of the debt.

f. Defendant violated *§1692e(4)* of the FDCPA by representing or implying that the nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

g. Defendant violated *§1692e(10)* of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

h. Defendant violated *§1692e(14)* of the FDCPA by the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

WHEREFORE, Plaintiff, VERSHAY TRAMMER, respectfully requests judgment be entered against Defendant, CREDIT SMART for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, VERSHAY TRAMMER, requests a jury trial in this case.

                      RESPECTFULLY SUBMITTED,

                      KAHN & ASSOCIATES, L.L.C.

                      __/s/ J. Daniel Scharville_____
                      J. DANIEL SCHARVILLE (0071132)
                      6200 Rockside Woods Blvd., Suite 215
                      Independence, Ohio 44131
                      Ph.: (216) 621-6101
                      Fax: (216) 621-6006
                      Attorney for the Plaintiff

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF OHIO

    Plaintiff, VERSHAY TRAMMER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

    Pursuant to 28 U.S.C. § 1746(2), I, VERSHAY TRAMMER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

October 14, 2011
Date

_____
VERSHAY TRAMER